Louis Windmueller and Alfred Roelker
v.
D. A. Van Horne et al.

*Sales—Pre-existing Debt as Consideration—Identification of Property—Insolvency.*

In the case presented, a verbal contract of sale was made between a firm on the eve of insolvency and one of its creditors, of property in its possession, the consideration being a pre-existing debt, and before the delivery of the property to the creditor it passed into the hands of a receiver; this court holds that the property in question was not sufficiently identified in the contract of sale to render the transfer binding.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Loren C. Collins, Judge, presiding.

Mr. David Fales, for appellants.

Mr. H. W. Wolseley, for Van Horne, Griffin & Co., appellees.

Gary, J.   Both of these parties sold on credit mirror plates, in cases, to the firm of R. Deimel & Bros., manufacturers of and dealers in furniture, in Chicago.   The appellees becoming suspicious of the solvency of the Deimels, procured a return of the glass they sold, except three cases, which one of the Deimels falsely said they had used.   Those three cases remained, perhaps still remain, in Sibley's warehouse.   One of the Deimels told the agent of the appellees that they had cases of other glass on the way coming to them, and that they would give the appellee three of those cases, in lieu of the three received from the appellees.   On Saturday, January 4, 1891, one of the Deimels told that agent that two of the cases had arrived

and were subject to his order; that they were in the shipping room. The agent agreed to take them and credited the Deimels for them, the price of two cases sent by the appellees. They were left where they were under an arrangement between the agent and the Deimel with whom he talked, that the agent should take them away the following Monday. When the agent got there on Monday the property of the firm was in the hands of a receiver. It is unnecessary to state the somewhat prolix proceedings, as a result of which the Circuit Court held that the appellees were entitled to those two cases. Conceding that it is settled in this State that a precedent debt is as effectual as a consideration as present payment (Butters v. Haughwout, 42 Ill. 18), and that a conversation resulting in a bargain and sale of goods passes the title to the goods at once (Benjamin on Sales, book II), yet to the completion of the transaction it is essential that the property be identified. Now, in this case there is no evidence that the two cases that the appellees obtained from the receiver were in the shipping room of the Deimels on the Saturday afternoon. As the only feature by which they were, in the bargain, distinguished from other goods of like kind, was the place where they then were, to attach that bargain to these goods, it is essential to prove that they were then not only in, but the only cases of mirror plates in that shipping room. The alternative relief asked by the appellees of having their own glass in Sibley's warehouse returned to them, we can not give on this appeal, if they were entitled to it. There is no appeal from the order denying that relief, nor any party here interested in resisting it.

The order appealed from is reversed and the cause remanded.

*Reversed and remanded.*